**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Denise Ramirez, et al., | Case No. 2:22-cv-02092-CDS-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Meta/Facebook, | |
| Defendant. | |

Before the Court is Plaintiff Denise Ramirez's application to proceed in forma pauperis. ECF No. 1. Ramirez's application is incomplete, and the Court will therefore deny it without prejudice. Ramirez must file a new application or pay the requisite $402 filing fee by January 29, 2023. In addition, Ramirez's complaint does not state a claim upon which relief can be granted. As a result, Ramirez's complaint will be dismissed without prejudice and she will be allowed to file an amended complaint no later than January 29, 2023.

**I.**  *In Forma Pauperis* **Request**

A plaintiff can commence an action without paying the filing fees if she submits an affidavit stating that she lacks sufficient funds. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). An application is sufficient if it alleges that the affiant cannot pay the court costs and still afford the necessities of life. *Id.* (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). If an application is incomplete, the Court may lack sufficient information to make this determination and the application can be denied. *Patton v. England*, No. CIV S-07-0286 FCD GGH PS, 2007 WL 708885, at *1 (E.D. Cal. Mar. 6, 2007).

Ramirez's application is defective in several respects: it does not have responses to questions 2, 3, 4, and 6. Given these defects, her application is incomplete and the Court lacks sufficient information to determine whether Ramirez can pay court costs and still afford the

necessities of life. Ramirez may re-file her application, but she must ensure that she fully and completely answers each question, including its subparts.

## II.     Screening

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff submitted a complaint dated December 19, 2022. ECF No. 1-1. The document names Meta/Facebook as the only defendant. *Id*. The complaint alleges that "Meta is turning into a dark web" and that it is "affecting the masses." *Id*. She seeks the prosecution of defendant, as it is "converting people into criminals." *Id*. Plaintiff does not include any other

factual allegations. Without additional factual allegations regarding the underlying dispute, the Court cannot evaluate whether Plaintiff's complaint states a claim against the defendant. The Court, therefore, will dismiss Plaintiff's complaint without prejudice for the Plaintiff to file an amended complaint.

The Court will note that Plaintiff does not have the authority to bring criminal charges. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." *Clinton v. Jones*, 520 U.S. 681, 718 (1997). Thus, to the extent that is the relief Plaintiff continues to seek, her complaint will fail.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the underlying case and defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the defendant fair notice of the Plaintiff's claims against it and Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

**III.    Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice. By January 29, 2023 plaintiff must either (1) file a new application to proceed in forma pauperis or (2) pay the requisite $402 fee ($350 filing fee + $52 administrative fee) for filing a civil action.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send plaintiff a copy of a blank *in forma pauperis* application.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1-1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint no later than January 29, 2023.

**IT IS FURTHER ORDERED** that failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

DATED: December 29, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE